ORIGINAL

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
FEB 2 4 2009
CLERK, U.S. DISTRICT COURT
By_____
Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| RENZALE XAVIER TRIMBLE, § <br> Petitioner, § <br> § <br> v. § <br> § <br> DEE ANDERSON, Sheriff, § <br> Tarrant County, Texas, and § <br> EDMUND G. BROWN, Attorney General, § <br> the State of California, § <br> Respondent. § | Civil Action No. 4:08-CV-572-Y |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE
### AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

#### I. FINDINGS AND CONCLUSIONS

##### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

##### B. PARTIES

Petitioner Renzale Xavier Trimble, Prisoner # 0729742, is in custody of the Tarrant County Sheriff's Office, Tarrant County Justice Center, Fort Worth, Texas. Texas.

Respondent Dee Anderson is the Sheriff of Tarrant County, Texas, and Respondent Greg Abbott is the Attorney General of the State of Texas.

##### C. BACKGROUND

In February 2002 Trimble was convicted of attempted robbery and discharging a firearm in

Kern County, California, and sentenced to five years' and four months' imprisonment and three years' supervised release. (Petition at 2; Pet'r Memorandum at 1) He was released on parole to the State of Texas in February 2006 under a transfer of parole supervision from the California Department of Corrections. See TEX. CODE CRIM. PROC. ANN. art. 42.11 (Vernon 2006). On June 4, 2008, Trimble was arrested on a new charge of injury to a child and for violation of parole. (Resp't Answer at 2; Parole Revocation Packet at 13) Trimble has been incarcerated in the Tarrant County jail, subject to bail in the amount of $100,000, since his arrest.

By way of this petition, Trimble claims that the state processes are insufficient to protect his rights because an article 11.07 application for writ of habeas corpus does not provide relief for out-of-state supervised parolees or an applicable form application and that he has not been afforded a parole revocation hearing. (Petition at 7) The State of Texas has filed an answer with documentary exhibits, to which Trimble did not reply.

### D. RULE 5 STATEMENT

The state maintains that Trimble's claims have not been properly exhausted in the state courts as required by 28 U.S.C. § 2254(b) and (c) because Trimble has not filed an application for state writ of habeas corpus raising the claims, and he seeks dismissal on exhaustion grounds. (Resp't Answer at 3-6)

### E. EXHAUSTION OF REMEDIES IN STATE COURT

Applicants seeking habeas corpus relief under § 2254 are required to exhaust all claims in state court before requesting federal collateral relief. 28 U.S.C. § 2254(b)(1), (c)[1]; *Fisher v. Texas*,

---

[1]The terms of 28 U.S.C. § 2254(b) and (c) provide in pertinent part as follows:

(b)(1) An application for a writ of habeas corpus on behalf of a person

(continued...)

2

169 F.3d 295, 302 (5th Cir. 1999). A Texas prisoner may satisfy the exhaustion requirement by presenting both the factual and legal substance of his claims to the Texas Court of Criminal Appeals in either a petition for discretionary review or, or as in this instance, a state habeas corpus proceeding pursuant to article 11.07 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 (Vernon Supp. 2005); *Alexander v. Johnson*, 163 F.3d 906, 908-09 (5th Cir. 1998); *Bd. of Pardons & Paroles v. Court of Appeals for the Eighth Dist.*, 910 S.W.2d 481, 484 (Tex. Crim. App. 1995). This requires that the state court be given a fair opportunity to pass on the claims, which in turn requires that the applicant present his claims in a procedurally proper manner according to the rules of the state courts. *Depuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988). An exception to the exhaustion requirement is made only if there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient as to render futile any effort to obtain relief. *See* 28 U.S.C. § 2254(b); *Duckworth v. Serano,* 454 U.S. 1, 3 (1981).

Trimble has not responded to the state's answer or otherwise demonstrated an absence of opportunity to obtain redress in the state courts or that the state court's corrective process is clearly

---

[1](...continued)
    in custody pursuant to the judgment of a State court shall not be granted unless it appears that —

        (A) the applicant has exhausted the remedies available in the courts of the State; or

        (B)(i) there is an absence of available State corrective process; or

        (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
        . . .

        (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

deficient. Because the state court has not been afforded a fair opportunity to consider the merits of Trimble's claims, the claims are unexhausted for purposes of federal habeas review. He must first pursue his state habeas corpus remedies, in addition to any applicable administrative remedies, before seeking relief under § 2254. Absent a showing that state remedies are unavailable or inadequate, such showing not having been demonstrated by Trimble, he cannot now proceed in federal court in habeas corpus. Accordingly, dismissal of this federal habeas corpus proceeding for lack of exhaustion is warranted so that Trimble can fully exhaust his state court remedies and then return to this court, if he so desires, after exhaustion has been properly and fully accomplished.[2]

## II. RECOMMENDATION

It is therefore recommended that Trimble's petition for writ of habeas corpus be DISMISSED without prejudice, except as to any application of the federal statute of limitations or other federal procedural bar that may apply.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document. The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions,

---

[2] 28 U.S.C. § 2244(d) imposes a one-year statute of limitations for filing non-capital habeas corpus petitions in federal court, subject to any applicable tolling. *See* 28 U.S.C. § 2244(d)(1)-(2).

4

and recommendation until March 17, 2009. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(B)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

### IV. ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until March 17, 2009, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED February 24, 2009.

_____
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE